UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOHN GILLESPIE,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. CIV-19-1017-G |
| | ) |
| **MARK SACHSE,** | ) |
| | ) |
|    **Defendant.** | ) |

### ORDER

Now before the Court is Plaintiff John Gillespie's Amended Motion for Default Judgment (the "Motion," Doc. No. 10), in which Plaintiff seeks entry of a default judgment against Defendant Mark Sachse. Although the Motion certifies that it was served upon Defendant via U.S. mail, no response has been filed. For the reasons stated below, the Court finds that a default judgment should be entered following a hearing to determine Plaintiff's request for damages.

*I. Background*

Plaintiff initiated this diversity action on November 6, 2019, seeking damages from Defendant for breach of contract, unjust enrichment, and fraud. *See* Compl. (Doc. No. 1). Defendant was served with the summons and Complaint on November 12, 2019. *See* Doc. No. 4. On January 3, 2020, after Plaintiff showed that Defendant had failed to answer or otherwise defend himself in this lawsuit, the Clerk entered Defendant's default pursuant to Federal Rule of Civil Procedure 55(a). *See* Clerk's Entry of Default (Doc. No. 7).

Plaintiff now seeks entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b) in the amount of $1,000,000.00 plus interest and attorney's fees. *See* Pl.'s Mot. at 2; *id.* Ex. 1 (Doc. No. 10-1) at 2.

## II. Discussion

### A. Procedural Requirements

The record reflects that Defendant has failed to answer or plead, that default was entered by the Clerk, and that Plaintiff's Motion complies with Local Civil Rule 55.1. Accordingly, Plaintiff has satisfied the procedural requirements for entry of a default judgment. *See* Fed. R. Civ. P. 55(b); LCvR 55.1; *Tabb v. Mentor Prot. Serv. LLC*, No. CIV-17-1130-D, 2018 WL 3213622, at *1 (W.D. Okla. June 29, 2018).

### B. Plaintiff's Allegations

The entry of a default judgment "is committed to the sound discretion of the district court." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). "Default judgments are generally disfavored in light of the policy that cases should be tried upon their merits whenever reasonably possible. Nonetheless, default judgment is viewed as a reasonable remedy when the adversary process has been halted because of an essentially unresponsive party." *Tabb*, 2018 WL 3213622, at *1 (citing *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991)).

Because a default has been entered, Plaintiff is "relieved . . . from having to prove the complaint's factual allegations." *Tripodi*, 810 F.3d at 765; *see also United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment,

and is barred from contesting on appeal the facts thus established." (internal quotation marks omitted)). Even after default, however, "it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law." *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016) (internal quotation marks omitted).

Plaintiff's assertions are straightforward. The Complaint alleges that Plaintiff was the former owner of three companies and, on October 2, 2017, executed an Agreement for Purchase and Sale of Practice (the "Agreement") with Defendant, selling Defendant all right, title, and interest in those companies. Compl. ¶¶ 9-12; *see id.* Ex. 1, Agreement (Doc. No. 1-1). The pleading specifies multiple false representations intentionally made by Defendant and his agents and alleges that Plaintiff acted in reliance upon those false representations in selling the three companies to Defendant. *See* Compl. ¶¶ 10-11, 15-17, 37-43; *see also* Fed. R. Civ. P. 9(b).

Pursuant to the Agreement and the parties' Promissory Note (the "Note"), *see id.* Ex. 2 (Doc. No. 1-2), Defendant promised Plaintiff an initial $3 million payment, with an additional $1 million to be paid under a payment schedule. *See* Compl. ¶¶ 13-14; Agreement ¶ 2. On September 1, 2019, Defendant failed to make the initial $18,871.23 payment due on the Note. Compl. ¶ 24. Defendant has been notified of his default on the Note but has failed to remit any payment toward the $1 million unpaid principal balance. *Id.* ¶¶ 26. The pleading also outlines other contractual obligations that Defendant failed to fulfill. *See id.* ¶¶ 18-22.

Accepting the well-pleaded allegations in the Complaint as true, the Court finds that they establish Defendant's liability for breach of contract and fraud. *See Tabb*, 2018 WL 3213622, at *2; *see also* Agreement ¶ 19.iv (prescribing that the Agreement shall be governed and enforced in accordance with Oklahoma law); *Valley View Agri, LLC v. Producers Coop. Oil Mill*, No. CIV-15-1297-D, 2017 WL 1208670, at *2 (W.D. Okla. Mar. 31, 2017) (setting out elements for breach of contract under Oklahoma law);[1] *Schlanger Ins. Trust v. John Hancock Life Ins. (U.S.A, Inc.)*, 897 F. Supp. 2d 1109, 1118 (N.D. Okla. 2012) (setting out elements for actionable fraud under Oklahoma law). Because Defendant has failed to respond to or defend this action in any way, the Court finds that entry of a default judgment is appropriate.

*C. Damages*

Rule 55(b) provides two distinct methods for entering a default judgment. First, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the Clerk of Court "must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1); *see also Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983) (noting that a default judgment may be entered without a hearing when the amount claimed "is a liquidated sum" or "one capable of mathematical calculation"). In all other cases, the moving party must apply to the Court, which may

---

[1] Although the Complaint additionally presents a claim for unjust enrichment, under Oklahoma law a party may not pursue a claim for unjust enrichment when it has an adequate remedy at law for breach of contract. *See Valley View*, 2017 WL 1208670, at *3.

4

"conduct hearings or make referrals" when necessary "to enter or effectuate judgment." Fed. R. Civ. P. 55(b)(2).

Here, Plaintiff does not specify which provision of Rule 55(b) he seeks to rely upon. His request for $1,000,000.00, as well as for pre- and post-judgment interest, is stated in the parties' contract and promissory note and likely could be the basis for entry of a default judgment by the Clerk of Court under Rule 55(b)(1). *See* Compl. ¶ 26 ("On October 10, 2019, Plaintiff declared the entire unpaid principal balance of $1,000,000 immediately due and payable."); Agreement ¶ 2 ("The balance of the Purchase Price ($1,000,000) shall be paid by [Defendant's] issuance of a Promissory Note to [Plaintiff] in the form attached as Exhibit 2 ('Promissory Note')."); Note at 1 ("[Defendant] hereby promises to pay to the order of [Plaintiff] . . . the principal sum of One Million Dollars ($1,000,000.00), which shall accrue at *5% fixed interest* throughout the 60 month payment period . . . ."); *see also Hosier v. Citigroup Global Mkts., Inc.*, 858 F. Supp. 2d 1206, 1209 (D. Colo. 2012) ("Under [28 U.S.C.] § 1961, post-judgment interest is mandatory and cannot be withheld by a district court or set by the court at a rate different from the rate specified by the statute.").

Plaintiff's request for "reasonable attorneys' fees," however, is not a sum certain (although the request is supported by the parties' agreement, *see* Note at 2), and Plaintiff has offered no supporting evidence to assist the Court in such a calculation. A hearing is therefore required for determination of this damages item. *See* Fed. R. Civ. P. 55(b)(2)(B); 10A Mary Kay Kane, *Federal Practice and Procedure (Wright & Miller)* § 2683 (4th ed.

5

2014) ("[I]t has been held that the need to fix 'reasonable' attorney's fees prevents the clerk from entering a judgment under Rule 55(b)(1).").

## CONCLUSION

For the foregoing reasons, a hearing is required to determine the amount of damages prior to ruling on Plaintiff's Amended Motion for Default Judgment (Doc. No. 10). Accordingly, the Court ORDERS that this matter shall be set for hearing in accordance with Federal Rule of Civil Procedure 55(b)(2).[2] A separate notice of hearing shall be entered specifying the time and date.

IT IS SO ORDERED this 30th day of September, 2020.

_____
CHARLES B. GOODWIN
United States District Judge

---

[2] *See Int'l Union of Operating Eng'rs v. Stanley Excavation*, 243 F.R.D. 25, 27 n.5 (D. Me. 2007) ("If the plaintiff is seeking both a sum certain . . . and damages that require judicial determination . . . , the entire matter, including the sum certain, must be determined under Rule 55(b)(2).").