## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JOHN GILLESPIE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  CIV-19-1017-G** |
| | ) | |
| **MARK SACHSE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Now before the Court is Plaintiff John Gillespie's Amended Motion for Default Judgment (the "Motion," Doc. No. 10), in which Plaintiff seeks entry of a default judgment against Defendant Mark Sachse.  Although the Motion certifies that it was served upon Defendant via U.S. mail, no response was filed.  The Court heard argument from Plaintiff's counsel on the Motion in an open hearing on October 9, 2020.  Neither Defendant nor any representative for Defendant appeared at the hearing.  *See* Doc. No. 13.  For the reasons stated below, the Court finds that Plaintiff's Motion should be granted.

### I. *Background*

On January 3, 2020, the Clerk entered Defendant's default pursuant to Federal Rule of Civil Procedure 55(a).  *See* Clerk's Entry of Default (Doc. No. 7).  Plaintiff now seeks entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b) in the amount of $1,000,000.00 plus interest and attorney's fees.  *See* Pl.'s Mot. at 2; *id.* Ex. 1 (Doc. No. 10-1) at 2.

## II.  Discussion

### A.  Procedural Requirements

As outlined in the Court's Order of September 30, 2020 (Doc. No. 11), Plaintiff has satisfied the procedural requirements for entry of a default judgment.  *See* Fed. R. Civ. P. 55(b); LCvR 55.1; *Tabb v. Mentor Prot. Serv. LLC*, No. CIV-17-1130-D, 2018 WL 3213622, at *1 (W.D. Okla. June 29, 2018).

### B.  Plaintiff's Allegations

The entry of a default judgment "is committed to the sound discretion of the district court."  *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016).  "Default judgments are generally disfavored in light of the policy that cases should be tried upon their merits whenever reasonably possible.  Nonetheless, default judgment is viewed as a reasonable remedy when the adversary process has been halted because of an essentially unresponsive party."  *Tabb*, 2018 WL 3213622, at *1 (citing *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991)).

Because a default has been entered, Plaintiff is "relieved . . . from having to prove the complaint's factual allegations."  *Tripodi*, 810 F.3d at 765; *see also United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006).  Even after default, however, "it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law."  *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016) (internal quotation marks omitted).

The Court has previously determined that the well-pleaded allegations in the Complaint establish Defendant's liability for breach of contract and fraud. *See Tabb*, 2018 WL 3213622, at *2; *see also* Agreement ¶ 19.iv (prescribing that the Agreement shall be governed and enforced in accordance with Oklahoma law); *Valley View Agri, LLC v. Producers Coop. Oil Mill*, No. CIV-15-1297-D, 2017 WL 1208670, at *2 (W.D. Okla. Mar. 31, 2017) (setting out elements for breach of contract under Oklahoma law);[1] *Schlanger Ins. Trust v. John Hancock Life Ins. (U.S.A, Inc.)*, 897 F. Supp. 2d 1109, 1118 (N.D. Okla. 2012) (setting out elements for actionable fraud under Oklahoma law). Because Defendant has failed to respond to or defend this action in any way, the Court finds that entry of a default judgment is appropriate.

### C. Damages

If the plaintiff's claim is not for "a sum certain or a sum that can be made certain by computation," then the moving party must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2). The Court may "conduct hearings or make referrals" when necessary "to enter or effectuate judgment." *Id.*

Here, Plaintiff requests $1 million as the unpaid balance due under the parties' contract.[2] He also seeks pre- and post-judgment interest as stated in the parties' contract and promissory note. *See* Compl. ¶ 26 ("On October 10, 2019, Plaintiff declared the entire

---

[1] Although the Complaint additionally presents a claim for unjust enrichment, under Oklahoma law a party may not pursue a claim for unjust enrichment when it has an adequate remedy at law for breach of contract. *See Valley View*, 2017 WL 1208670, at *3.

[2] Plaintiff clarified at the hearing that he is not seeking separate damages on the claim of fraud.

unpaid principal balance of $1,000,000 immediately due and payable."); Agreement ¶ 2 (Doc. No. 1-1) ("The balance of the Purchase Price ($1,000,000) shall be paid by [Defendant's] issuance of a Promissory Note to [Plaintiff] in the form attached as Exhibit 2 ('Promissory Note')."); Note (Doc. No. 1-2) at 1 ("[Defendant] hereby promises to pay to the order of [Plaintiff] . . . the principal sum of One Million Dollars ($1,000,000.00), which shall accrue at *5% fixed interest* throughout the 60 month payment period . . . ."). Finally, Plaintiff requests "reasonable attorney fees and costs," *see* Note at 2.

Upon review of Plaintiff's submissions, as well as the argument and evidence presented at the hearing on October 9, 2020, the Court finds Plaintiff is entitled to payment under the contract of $1,000,000.00, with prejudgment interest totaling $50,000.00. *See* Doc. No. 13; Williams Aff. (Doc. No. 14); Agreement ¶ 2; Note at 1. The Court further finds that Plaintiff is entitled to a reasonable attorney's fee as per the parties' agreement and that Plaintiff's counsel's Affidavit, which details the time spent and fees claimed, reflects a reasonable request of $14,992.50. *See* Note at 2; Williams Aff. at 3, 5-9. Plaintiff's itemized request for costs in the amount of $555.00 is well supported and likewise is granted. *See* Note at 2; Williams Aff. at 3, 10. Postjudgment interest shall accrue at the rate specified by federal statute. *See* 28 U.S.C. § 1961; *see Hosier v. Citigroup Global Mkts., Inc.*, 858 F. Supp. 2d 1206, 1209 (D. Colo. 2012).

## CONCLUSION

Accordingly, Plaintiff's Amended Motion for Default Judgment (Doc. No. 10) is GRANTED as set forth herein. A separate Default Judgment shall be issued.

IT IS SO ORDERED this 13th day of October, 2020.

CHARLES B. GOODWIN
United States District Judge